RECEIPT # 124063
AMOUNT: $405.00
JUN 09 2026
CASHIER'S SIGNATURE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**
**SERGII GRYBNIAK,**
      Plaintiff,

  v.

**X.AI LLC; and X CORP.,**
      Defendants.

Civil No. 26-cv-1365(ADC)

RECEIVED CASHIER

CLERK'S OFFICE USDC PR
2026 JUN 10 AM 9:56

**COMPLAINT FOR DEFAMATION**
**(JURY TRIAL DEMANDED)**

Plaintiff Sergii Grybniak, appearing *pro se*, brings this Complaint against Defendants X.AI LLC and X Corp. and alleges as follows:

**I. NATURE OF THE ACTION**

1. This is a defamation action arising from false statements that the artificial-intelligence product known as "Grok" — developed and operated by Defendant X.AI LLC and distributed and published through Defendant X Corp.'s X platform (x.com) — has generated and published to third parties about Plaintiff, including that Plaintiff "committed securities fraud and related violations" and conducted a "fraudulent" securities offering.

2. Those statements are false. Plaintiff has never been found liable for fraud, never admitted fraud, and has no criminal record. The single civil regulatory matter on which the statements are loosely based was resolved, on a no-admission basis, exclusively under *non-fraud / negligence* provisions of the federal securities laws.

3. Defendants were repeatedly notified of the falsity, beginning in December 2025, and Grok itself articulated the accurate, non-fraud characterization of the matter — yet Defendants' product continued publishing the same falsehoods.

4. The false narrative is of a kind that causes concrete reputational and economic harm. The same false portrayal of Plaintiff's civil SEC matter as fraud or criminal misconduct also appears in the stated basis on which a Puerto Rico government agency denied his Act 60 tax-incentive application, illustrating the real-world harm that results.

5. Plaintiff seeks (i) injunctive relief requiring Defendants to cease defaming him, whether directly or through the omission of material facts, and (ii) compensatory damages in an amount to be determined by the Court.

6. Plaintiff attaches as Exhibit A a representative screen capture of a Grok defamatory output. The capture is representative and *not exhaustive* of Defendants' publications or of Plaintiff's evidence, which Plaintiff has preserved and will produce or seek through discovery.

## II. PARTIES

7. Plaintiff Sergii Grybniak is a citizen of the United States domiciled in the Commonwealth of Puerto Rico. He is a researcher and entrepreneur whose professional reputation is central to his work and business.

8. Defendant X.AI LLC ("xAI") is, on information and belief, a limited liability company organized under the laws of the State of Nevada, with its principal place of business in Texas. xAI develops, owns, operates, controls, and publishes the artificial-intelligence product known as "Grok," including the deployments that generated the outputs alleged herein. Grok's outputs are composed and published by xAI's own system; they are xAI's own first-party statements, not third-party content that xAI merely transmits.

9. Defendant X Corp. ("X") is, on information and belief, a corporation organized under the laws of the State of Nevada that owns and operates the platform commonly known as "X" and "x.com," through which it distributes Grok to users, including users in Puerto Rico, and publishes and republishes Grok's outputs to third parties, including the outputs concerning Plaintiff alleged herein.

10. References to "Defendants" are to xAI and X Corp. collectively unless otherwise specified.

## III. JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the Commonwealth of Puerto Rico. On information and belief, no Defendant is a citizen of Puerto Rico, and no member of X.AI LLC is a citizen of Puerto Rico; Plaintiff will amend if discovery reveals otherwise. Complete diversity exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendants, which purposefully direct Grok and its outputs to users in Puerto Rico, transact business in Puerto Rico, and whose tortious conduct was aimed at, and caused harm felt by Plaintiff in, Puerto Rico.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the availability of Grok and its outputs to users in Puerto Rico, Plaintiff's receipt and documentation of defamatory outputs while domiciled in Puerto Rico, and the reputational, professional, and economic harm Plaintiff suffered in Puerto Rico. Plaintiff's claims arise from Defendants' publication of false statements to third parties and from independent tort duties not to defame, not from Plaintiff's contractual use of any Grok or X service.

## IV. FACTUAL ALLEGATIONS

### A. *The SEC Matter and Its Actual Resolution*

14. On January 21, 2020, the U.S. Securities and Exchange Commission ("SEC") filed a civil enforcement action, *SEC v. Grybniak*, No. 1:20-cv-00327-EK-MMH (E.D.N.Y.), concerning the 2017–2018 initial coin offering ("ICO") of the "OPP Token." As originally pleaded, the complaint alleged registration violations under Section 5 of the Securities Act, all three subsections of Section 17(a), and Exchange Act Section 10(b) and Rule 10b-5.

15. On September 24, 2024, the District Court granted partial summary judgment on a single, *non-fraud* ground — that the ICO was an unregistered securities offering in violation of Section 5 — making no finding of fraud, deception, or scienter.

16. On February 4, 2025, the District Court entered a final judgment to which Plaintiff consented *without admitting or denying* the allegations. The judgment rests solely on Securities Act Sections 5, 17(a)(2), and 17(a)(3); imposes a $100,000 civil penalty; and imposes a conduct-based injunction. It contains *no* liability under the scienter-based fraud provisions originally pleaded — Section 17(a)(1) or Exchange Act Section 10(b) / Rule 10b-5. There was never any criminal proceeding; the matter was civil throughout. *See* SEC Litigation Release No. 26257 (Feb. 26, 2025).

17. Securities Act Sections 17(a)(2) and 17(a)(3) require only *negligence* and may be violated with no fraudulent intent. *See Aaron v. SEC*, 446 U.S. 680 (1980). A resolution resting exclusively on those provisions and Section 5, on a no-admission basis, is not an adjudication of fraud and not an admission of fraud. Plaintiff was never found to have committed fraud and never admitted fraud.

### B. *Grok's False and Defamatory Statements*

18. On or about May 28, 2026, a user submitted to Grok the ordinary prompt "Did Sergii Grybniak commit fraud?" and received the defamatory output reproduced in Exhibit A, which began:

*Yes, according to the U.S. Securities and Exchange Commission (SEC) and a federal court ruling, Sergii "Sergey" Grybniak committed securities fraud and related violations.*

19. Grok generated this output in response to an ordinary prompt capable of being submitted by any member of the public, thereby publishing the statement to persons other than Plaintiff. Plaintiff has preserved evidence that Defendants generated and published the same or substantially similar defamatory outputs to third parties, including users in Puerto Rico and elsewhere. The capture attached as Exhibit A is representative and not exhaustive; the identities of the third-party witnesses and their declarations will be disclosed in discovery subject to any protective order.

20. These statements are false. Grok's "Yes" to whether Plaintiff "commit[ted] fraud," and its characterization of the matter as "securities fraud and related violations," communicate to a

reasonable reader that Plaintiff was adjudicated to have committed, or admitted committing, securities fraud. That never happened. Grok compounds the falsity by reciting the SEC's original allegations while omitting the dispositive facts of the actual resolution — that there was no finding of scienter-based fraud, no admission of fraud, and no criminal proceeding; that the judgment rests only on a registration provision and two negligence-based provisions; and that it was entered on a no-admission basis.

## C. Notice, Acknowledgment, and Continued Publication

21. Beginning on or about December 29, 2025, and continuing through at least May 25, 2026, Plaintiff repeatedly notified Defendants in writing — including by email to xAI's legal and support departments (legal@x.ai and support@x.ai) — that Grok's outputs were false, identified the specific false statements, explained that there was no finding of scienter-based fraud, no admission of fraud, and no criminal proceeding, and demanded removal and correction.

22. When prompted through its own interface, Grok itself articulated the accurate characterization of the matter — stating that the February 2025 judgment was a consent judgment entered without admission, that it rested on Section 5 and the negligence-based provisions, that no disgorgement or officer-and-director bar was imposed, and that "public records should focus on the final outcome of the case, not on initial allegations that were not sustained, proven, or admitted to," and that "going forward, any summary of this matter should emphasize these final outcomes, as they represent the concluded legal resolution." Defendants' own system was thus capable of stating the truth, yet continued to publish the contrary, false statement that Plaintiff "committed securities fraud."

23. Defendants did not meaningfully respond and did not correct the outputs. Notwithstanding Plaintiff's repeated, particularized notices, Defendants' product continued to publish the same or substantially similar false statements to third parties.

## D. Harm

24. The false portrayal of Plaintiff's civil SEC matter as "fraud" or criminal misconduct is of a kind that causes, and has caused, concrete reputational, professional, and economic harm to Plaintiff. By way of illustration: on September 3, 2025, the Puerto Rico Department of Economic Development and Commerce denied Plaintiff's Act 60 tax-exemption application, invoking a purported "criminal history" and reciting the SEC's original allegations as though they described the outcome. Plaintiff has no criminal history. The DDEC denial illustrates the harm that results when his civil SEC matter is falsely portrayed, as Grok portrays it, as fraud or criminal misconduct.

25. Plaintiff has suffered, and absent relief will continue to suffer, reputational, professional, and economic harm and emotional distress as a direct and proximate result of Defendants' continued publication, in amounts to be proven at trial.

### E. Fault

26. To the extent Plaintiff is deemed a limited-purpose public figure as to the OPP Token ICO or the SEC matter, the actual-malice standard is satisfied: Plaintiff supplied repeated, specific corrections; Defendants' own product articulated the accurate characterization through its interface; and Defendants nonetheless continued to publish the falsehoods — establishing subjective awareness of probable falsity coupled with continued publication. To the extent Plaintiff is a private figure, the negligence standard is satisfied *a fortiori*.

## V. CAUSES OF ACTION

### Count I — Libel / Defamation Per Se

*(P.R. Libel and Slander Act, 32 L.P.R.A. § 3141 et seq.; Article 1536 of the Puerto Rico Civil Code (former Article 1802))*

27. Plaintiff re-alleges and incorporates each preceding paragraph.

28. Defendants published, to third parties, false statements of fact concerning Plaintiff, including that he "committed securities fraud and related violations" and engaged in a "fraudulent" securities offering. The statements are false and are not substantially true; they are materially more damaging to reputation than the truth, which is that Plaintiff consented, without admitting or denying the allegations, to a judgment under a registration provision and two negligence-based provisions, with a civil penalty and no criminal record.

29. The statements are defamatory per se because they impute the commission of a crime and injure Plaintiff in his trade, profession, and business, and Defendants published them with the requisite fault set forth above. As a direct and proximate result, Plaintiff has suffered damages; because the statements are defamatory per se, damages are presumed to the extent permitted by law, and in any event Plaintiff has suffered actual reputational and economic harm to be proven at trial.

### Count II — Defamation by Implication and Material Omission

30. Plaintiff re-alleges and incorporates each preceding paragraph.

31. By reciting the SEC's original allegations while omitting the dispositive facts of the actual resolution — the absence of any finding of scienter-based fraud, the absence of any admission of fraud, the absence of any criminal proceeding, the no-admission basis of the judgment, and the negligence nature of the surviving provisions — Defendants created and published a false and defamatory overall impression that Plaintiff is an adjudicated fraudster, with the requisite fault set forth above. As a direct and proximate result, Plaintiff has suffered the damages set forth above.

### *Count III — Defamation (Negligence) (Pleaded in the Alternative)*

32. Plaintiff re-alleges and incorporates each preceding paragraph.

33. To the extent Plaintiff is determined to be a private figure, and any statement is not actionable per se, Defendants negligently published false and defamatory statements of fact concerning Plaintiff, breaching their duty to exercise reasonable care to ascertain the truth — especially after notice — and thereby proximately caused Plaintiff actual reputational, professional, and economic harm.

## VI.  PRESERVATION AND RESERVATION OF EVIDENCE

34. Exhibit A is representative and not exhaustive. Plaintiff has preserved, and will produce or seek through discovery, additional evidence, including further captures and recordings, post-notice republications to third parties, Plaintiff's correspondence to Defendants, the SEC final judgment, and evidence of harm. Plaintiff has demanded that Defendants preserve relevant dynamic AI-output evidence, logs, model and version information, and related communications.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants X.AI LLC and X Corp., and grant the following relief:

(a) Injunctive relief prohibiting Defendants from republishing statements that Plaintiff committed fraud, admitted fraud, was adjudicated liable for fraud, conducted a fraudulent offering, or has a criminal history, unless accompanied by the material facts necessary to avoid a false impression;

(b) A declaration that the statements alleged herein are false and defamatory or materially misleading;

(c) Compensatory damages in an amount to be determined by the Court at trial; and

(d) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: _06. 10_____, 2026

Respectfully submitted,

Sergii Grybniak, Plaintiff *pro se*

9 Calle Emajagua, Apt. 8B, San Juan, Puerto Rico 00913

Telephone: 347-415-9858 · Email: sergii@grybniak.com